UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF ALABAMA, )
 )
   Plaintiff, )
 )
v. ) Civil Action No. 1:19-cv-00479 (UNA)
 )
FRESHUN FLOWERS BEY, )
 )
   Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Mr. Bey's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

It appears that Mr. Bey is attempting to remove a criminal matter filed against him in the Sixth Judicial Circuit of Alabama (Tuscaloosa County) to this Court. *See* Compl. at 1, 5. He is aggrieved with the presiding trial judge and the manner in which his criminal case is being handled. *See id.* at 2–3. He also provides a litany of citations of the Alabama Constitution. *See id.* at 4–5.

Mr. Bey may not remove his underlying matter this Court. The civil statute holds, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S. Code § 1441(a). The criminal statute states that a defendant "shall file [for removal] in the district court of the United States for the district and division within which such prosecution is pending."

1

28 U.S. Code § 1455. As the underlying action is not pending in the District of Columbia, the case may not be removed to this Court.

Additionally, as a general rule, a federal district court lacks jurisdiction to review or interfere with the decisions of a state court. *See District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).

Therefore, this case is dismissed for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date: March 12, 2018